Prince v. Astrue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                            <u>Chief Judge</u>,
            ROSEMARY S. POOLER,
                            <u>Circuit Judge</u>.
            ERIC N. VITALIANO,
                            <u>District Judge</u>.[*]

- - - - - - - - - - - - - - - - - - - -X
STEPHANIE PRINCE,
        <u>Plaintiff-Appellant</u>,

        -v.-                                           12-2198

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,
        <u>Defendant-Appellee</u>,
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Eric N. Vitaliano, District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

1

**FOR APPELLANT:**                 MARK SCHNEIDER, Plattsburgh, New York.

**FOR APPELLEES:**                 MICHELLE L. CHRIST, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, <u>on the brief</u>), <u>for</u> Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Homer, <u>M.J.</u>)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Stephanie Prince appeals from the judgment of the United States District Court for the Northern District of New York (Homer, <u>M.J.</u>) granting the motion for judgment on the pleadings of defendant-appellee Michael J. Astrue, Commissioner of the Social Security Administration, affirming the denial of Prince's claim for disability benefits, and denying Prince's request for consideration of new evidence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Prince applied for disability benefits on January 27, 2005, alleging an inability to work due to anxiety, fibromyalgia, migraines, bipolar disorder, and chronic pain. Following hearings in March 2007 and February 2010, Administrative Law Judge ("ALJ") Carl E. Stephen denied Prince's application because, while several of her conditions constituted severe impairments, she still retained the residual functional capacity to perform unskilled light work. On May 24, 2012, the district court held that the ALJ's decision was supported by substantial evidence.

On appeal, Prince argues that the district court erred in upholding the ALJ's determination that she was neither physically nor mentally disabled.

"When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." Green-Yougner v. Barnhart, 335 F.3d 99, 105 (2d Cir. 2003) (internal quotation marks omitted). "In reviewing the district court's decision, we undertake our own plenary review of the administrative record." Schall v. Apfel, 134 F.3d 496, 500-01 (2d Cir. 1998) (citation and internal quotation marks omitted). A court may set aside the Commissioner's decision only if it is based upon legal error or if his factual findings are not supported by substantial evidence in the record as a whole. See 42 U.S.C. § 405(g); Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).

The district court properly rejected Prince's contention that the ALJ erred in not finding that her fibromyalgia constituted a per se disability under Appendix 1 of the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 1. "[M]ere diagnosis of fibromyalgia without a finding as to the severity of symptoms and limitations does not mandate a finding of disability[.]" Rivers v. Astrue, 280 F. App'x 20, 22 (2d Cir. 2008); see also Selian v. Astrue, No. 12-871, 2013 WL 627702, --- F.3d --- (2d Cir. Feb. 21, 2013). Furthermore, the ALJ's residual functional capacity determination, which took into account Prince's fibromyalgia, was supported by substantial evidence. Drs. Todd D. Daugherty and Edward S. Leib, rheumatologists who first diagnosed Prince with fibromyalgia, noted that Prince's "joints and muscles are essentially healthy" and encouraged her to pursue employment, recreational activity, and exercise. JA 197. Dr. Nader Wassef observed normal reflexes, a full range of motion, and full strength in Prince's extremities, and advised her only to avoid any form of "extreme body contact." JA 237. Similarly, Dr. David G. Welch observed "relatively little physical pathology . . . other than a clear-cut diagnosis of fibromyalgia" and found that Prince had excellent strength, sensation, and range of motion in her core and in all four extremities. JA 307-09.

Prince argues that the ALJ erred by refusing to give controlling weight to the opinion of Dr. Kokernot, a treating physician, who concluded that Prince had extreme limitations in her ability to carry out detailed

instructions and respond appropriately to workplace pressures, as well as marked limitations in a number of areas.  If the ALJ had accepted Dr. Kokernot's opinion, Prince's mental impairments would have necessitated a finding of disability.  See 20 C.F.R. Part 404, Subpart P, Appendix 1, Sections 12.04, 12.06; 20 C.F.R. § 404.1520a. However, because Dr. Kokernot's opinion was inconsistent with other substantial evidence in the record, the ALJ committed no error in rejecting his opinion.  See 20 C.F.R. § 404.1527(c)(2).  Four other physicians--Dr. Welch, Dr. Abdul Hameed, Dr. Brett Hartman, and Dr. Aaron Satloff-- determined that Prince's mental limitations did not preclude her from performing all work.  An ALJ is not required to accept the opinion of a treating physician over other contrary opinions, if the latter are more consistent with the weight of the evidence.  See Diaz v. Shalala, 59 F.3d 307, 313 n.5 (2d Cir. 1995) ("[T]he opinions of nonexamining sources [can] override treating sources' opinions provided they are supported by evidence in the record."); see also Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008).

    For the foregoing reasons, and finding no merit in Prince's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4